IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAWRENCE GREGORY BAILEY                                              PLAINTIFF

v.                              CIVIL NO. 11-6023

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lawrence Gregory Bailey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on June 2, 2008, alleging an inability to work since February 28, 2007, due to back pain, a massive brain injury, headaches, seizures and high cholesterol. (Tr. 141, 146, 177). For DIB purposes, Plaintiff maintained insured status through December 31, 2010. An administrative hearing was held on November 4, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 26-66).

By written decision dated February 7, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following impairments:

> multiple thoracic compression fractures (well healed) with chronic back pain and osteoporosis. He also has the following non-severe impairments: active drug seeking behavior and a history of seizures and gunshot wound to the head. However, the medical evidence since his alleged onset date does not document any problems with his head injury. His seizures appear to be well controlled on medication and he has worked at the substantial gainful activity level since his 1987 gunshot wound. His back pain causes significant work-related limitations and is therefore considered a severe impairment (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). "Light" jobs involve lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. A job in this category may require a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm and leg controls.

(Tr. 12). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 17, 2011. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

AO72A
(Rev. 8/82)

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In determining Plaintiff could perform a full range of light work, it appears the ALJ relied on RFC assessments completed by non-examining medical consultants, Drs. William Paule and Sandra Eames, on February 2, 2009, and April 2, 2009, respectively. (Tr. 362-372, 423-425). The Court notes the opinion of a consulting physician who examined Plaintiff once, or not at all, does not generally constitute substantial evidence. See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999).

When addressing Plaintiff's thoracic back pain, the ALJ found that, as pointed out by Dr. Paule, the medical evidence failed to show that Plaintiff had severe kyphosis[1] on any physical exam. (Tr. 16). A review of the medical evidence revealed that Dr. Stefano M. Sinicropi, one of Plaintiff's treating physicians, noted on three occasions, August 13, 2008, August 20, 2008, and September 3, 2008, that he measured Plaintiff and found that Plaintiff had 100 degrees of kyphosis which was considered "severely kyphotic," and that this was "very very painful" to Plaintiff. (Tr. 252, 257, 260 ). Dr. Adam J. Locketz also noted that Plaintiff had been diagnosed with 100 degrees of kyphosis. (Tr. 253). As the medical evidence revealed that Plaintiff does in fact have severe kyphosis, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's back impairment.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff, including Dr. Sinicropi and Dr. Steven T. McCabe, asking the

---

[1] Kyphosis is defined as an abnormally increased convexity in the curvature of the thoracic spinal column. See Dorland's Illustrated Medication, Dictionary at 1007, 31st Edition (2007).

physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.  The ALJ may also order a consultative orthopedic exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis Plaintiff's condition and level of pain, and complete a medical assessment of Plaintiff's ability to perform work related activities.  See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE